UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VENETTA N. BENJAMIN,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**EAST ORANGE POLICE DEPARTMENT,** *et al.*,<br><br>    **Defendants.** | Civ. No. 2:12-cv-00774 (WJM)<br><br>**MEMORANDUM OPINION & ORDER** |

      This matter comes before the Court on Defendant Shamsiddin Abdur-Raheem's motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). For the reasons stated below, the Court will deny the application.

      Plaintiff brings this 42 U.S.C. § 1983 and wrongful death action against Mr. Abdur-Raheem, the East Orange Police Department, and the City of East Orange. Plaintiff alleges that Mr. Abdur-Raheem physically abused her, and kidnapped and murdered their daughter. Mr. Abdur-Raheem is currently an inmate in Middlesex County Jail, and is in solitary confinement for all but five hours a week. On March 9, 2012, Mr. Abdur-Raheem filed this application for *pro bono* counsel. On March 16, 2012, Mr. Abdur-Raheem filed an Answer to the Complaint. The remaining parties have not yet filed their initial response to the Complaint.

      Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This provision covers both plaintiffs and defendants. *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-

57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

In this case, the Court finds that Mr. Abdur-Raheem's application for *pro bono* counsel is premature. <u>First</u>, it does not appear that Mr. Abdur-Raheem has made any attempt to obtain *pro bono* counsel on his own. While the precise circumstances of his incarceration may limit his ability to do so, the Court has nothing before it establishing that he is unable to make a good faith attempt. (The Court notes that Mr. Abdur-Raheem's inability to pay for counsel does not necessarily prevent him from obtaining counsel; many lawyers provide *pro bono* services without be ordered to do so by a court.) <u>Second</u>, it appears that Mr. Abdur-Raheem has been able to present his own defense thus far, as he has already filed an Answer to the Complaint that included two counterclaims. <u>Finally</u>, while Mr. Abdur-Raheem may be unversed in legal practice, the Court is familiar with these types of actions, and the straightforward nature of the claims in this case would not appear to require that Mr. Abdur-Raheem be guided by counsel.

For the foregoing reasons and for good cause shown;

**IT IS** on this 29th day of May 2012, hereby,

**ORDERED** that Mr. Abdur-Raheem's application for pro bono counsel is **DENIED.** Mr. Abdur-Raheem may renew his application for *pro bono* counsel if future proceedings increase his need for legal assistance, but he must first attempt to obtain counsel on his own or provides adequate explanation for his inability to make such an attempt. The Court may also *sua sponte* renew Mr. Abdur-Raheem's application in the future at any time it deems appropriate.

                                      /s/ William J. Martini  
                                  **WILLIAM J. MARTINI, U.S.D.J.**