UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VENETTA N. BENJAMIN,**<br><br>　　Plaintiff,<br><br>v.<br><br>**EAST ORANGE POLICE DEPARTMENT,** *et al.*,<br><br>　　Defendants. | Civ. No. 2:12-cv-00774 (WJM)<br><br>**MEMORANDUM OPINION & ORDER** |

　　This matter comes before the Court on Defendant Shamsiddin Abdur-Raheem's third motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). The Court denied Mr. Abdur-Raheem's first motion for appointment of pro bono counsel on May 29, 2012 and denied his second motion for appointment of pro bono counsel on January 6, 2014. For the reasons stated below, the Court will also deny the instant application.

　　Plaintiff brings this 42 U.S.C. § 1983 and wrongful death action against Mr. Abdur-Raheem, the East Orange Police Department, and the City of East Orange. Plaintiff alleges that Mr. Abdur-Raheem physically abused her, and kidnapped and murdered their daughter, Zara Abdur-Raheem. Mr. Abdur-Raheem is currently an inmate in Middlesex County Jail, and is housed in the Closed Custody Unit. On March 16, 2012, Mr. Abdur-Raheem filed an Answer to Plaintiff's Complaint. On March 28, 2013, the Court granted in part and denied in part a motion to dismiss Plaintiff's Complaint. On July 2, 2013, Plaintiff filed an Amended Complaint. Mr. Abdur-Raheem then filed an Answer to the Amended Complaint, which included two counterclaims against Ms. Benjamin. On July 18, 2014, Mr. Abdur-Raheem moved for default judgment on his counterclaims, which is currently pending before the Court. Mr. Abdur-Raheem filed the instant motion for appointment of pro bono counsel on August 4, 2014.

　　Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This provision covers both plaintiffs and defendants. *See Waller v. Butkovich*, 584 F. Supp. 909, 947-48 (D.N.C. 1984). District courts have "broad discretion" to decide whether requesting counsel is appropriate, and may request counsel *sua sponte* at any point in the litigation. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In *Tabron*, the Third Circuit instructed that, in exercising

1

its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit, and then weigh specific factors, including (1) the litigant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the litigant to pursue that investigation; (4) the litigant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d. at 155-57. The list is non-exhaustive, and the Court may consider other facts or factors it determines are important or helpful. *Montgomery*, 294 F.3d at 499.

Mr. Abdur-Raheem has failed to establish the threshold *Tabron* consideration: that his defense likely has merit. Mr. Abdur-Raheem's filings indicate that he intends to argue that he did not cause Zara's death. However, on August 16, 2010, a State grand jury returned a six-count criminal indictment against Abdur-Raheem, charging him with kidnapping and murder, among other things. Indictment, *State of New Jersey v. Shamsiddin Abdur-Raheem*, No. 10-08-00102-S. And in late 2012, Abdur-Raheem was convicted of murder and multiple other counts, and was thereafter sentenced to life in prison. As Mr. Abdur-Raheem has been convicted of murdering Zara, he is likely precluded from arguing that he did not cause Zara's death in this case. *See Kowalski v. Gagne*, 914 F.2d 299, 303 (1st Cir. 1990) (granting a plaintiff partial summary judgment because the defendant's prior murder conviction collaterally estopped him from denying wrongful death liability in a later wrongful death suit); *see also Crawford v. Frimel*, 337 F. App'x 211, 214-15 (3d Cir. 2009) (affirming a district court's finding that a civil case had no merit under *Tabron* where the claims involved issues already litigated in a criminal case).

Further, and as to Mr. Abdur-Raheem's counterclaims against Ms. Benjamin, the Court finds that Mr. Abdur-Raheem's application for *pro bono* counsel is premature. First, it appears that Mr. Abdur-Raheem has been able to present his own case thus far. He has filed an Answer to the original Complaint and an Answer to the Amended Complaint with Counterclaims, as well as a motion for default judgment following Plaintiff's failure to timely answer his counterclaims. Second, while Mr. Abdur-Raheem may be unversed in legal practice, the Court is familiar with these types of actions, and the straightforward nature of the claims in this case would not appear to require that Mr. Abdur-Raheem be guided by counsel. Finally, while Mr. Abdur-Raheem claims that he will need to retain an "expert witness" to testify that he did not cause the Zara's death, he has already been convicted of her murder and has not explained how this expert would be relevant to his counterclaims.

For the foregoing reasons and for good cause shown;

**IT IS** on this 26th day of September 2014, hereby,

2

   **ORDERED** that Mr. Abdur-Raheem's application for pro bono counsel is **DENIED.** Mr. Abdur-Raheem may renew his application for *pro bono* counsel if future proceedings increase his need for legal assistance.  The Court may also *sua sponte* renew Mr. Abdur-Raheem's application in the future at any time it deems appropriate.

                  /s/ William J. Martini
                 **WILLIAM J. MARTINI, U.S.D.J.**