UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VENETTA N. BENJAMIN,<br><br>                        **Plaintiff,**<br>v.<br><br>EAST ORANGE POLICE<br>DEPARTMENT, *et al.*<br><br>                        **Defendants.** | Civil Action No. 12-774 (WJM)<br><br><br>**ORDER** |

      **THIS MATTER** comes before the Court on Plaintiff/Counter-Defendant Venetta N. Benjamin's motion to vacate entry of default [CM/ECF No. 48] and Defendant/Counter-Claimant Shamsiddin Abdur-Raheem's motion for default judgment. [CM/ECF No. 52.] The motions are opposed. Based upon the following, the motion to vacate entry of default is **granted**, and the motion for default judgment is **denied**.

      1. Venetta N. Benjamin ("Planitiff") filed this civil rights and wrongful death action against Shamsiddin Abdur-Raheem ("Abdur-Raheem"), the East Orange Police Department, and the City of East Orange. Plaintiff alleges that Abdur-Raheem physically abused her, and kidnapped and murdered their daughter, Zara Abdur-Raheem. Abdur-Raheem is currently incarcerated. Abdur-Raheem filed an Answer to Plaintiff's Complaint. On March 28, 2013, the Court granted in part and denied in part a motion to dismiss Plaintiff's Complaint. Thereafter, Plaintiff filed an Amended Complaint. On March 21, 2014, Abdur-Raheem filed an Answer to the Amended Complaint, which includes a Counterclaim for assault and battery, defamation, and intentional infliction of emotional distress.

      2. On May 27, 2014, entry of default was entered against Plaintiff on the Counterclaim. On June 16, 2014, Plaintiff moved to set aside the entry of default. On July 18, 2014, Abdur-Raheem moved for default judgment on his Counterclaim.

     3.  Federal Rule 55(c) provides that the Court "may set aside an entry of default for good cause. . . ."  The decision to vacate a default is left primarily to the discretion of the district court. See  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  Courts disfavor defaults.  Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988).  "Any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on the merits."  Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976).

     4.  The Court concludes that there is good cause to vacate the default.  Plaintiff's Counsel submitted a certification stating that at the time Abdur-Raheem filed and served his Counterclaim, Counsel had been tending to his father who was suffering from a terminal illness.  Counsel represents that his father passed away only days after the Counterclaim was filed, and that thereafter his attention and time were devoted to making funeral arrangements and responding to the surviving family's needs.  Upon consideration of Counsel's representations, the Court is more than satisfied that good cause to vacate the default has been shown.

     **ACCORDINGLY, IT IS on this 20th day of October 2014**

     **ORDERED** that, Plaintiff's motion to vacate entry of default [CM/ECF No. 48] is **granted**; and it is further

     **ORDERED** that, Plaintiff shall answer, move, or otherwise respond to the Counterclaim no later than **October 30, 2014**; and it is further

     **ORDERED** that, Abdur-Raheem's motion for default judgment [CM/ECF No. 52] on his Counterclaim is **denied**; and it is further

     **ORDERED** that, Counsel for Plaintiff shall serve a copy of this Order on Defendant Shamsiddin Abdur-Raheem within **5 days** by regular mail.

      s/Mark Falk               
**Mark Falk**
**United States Magistrate Judge**