UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VENETTA N. BENJAMIN,**<br><br>       Plaintiff,<br><br>v.<br><br>**EAST ORANGE POLICE DEPARTMENT,** *et al.*,<br><br>       Defendants. | Civ. No. 2:12-cv-00774 (WJM)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

   This matter comes before the Court on Defendant Shamsiddin Abdur-Raheem's (1) motion for reconsideration of the Court's denial of his third motion for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1); and (2) motion to stay this case.  ECF Nos. 63, 65.  The Court will deny both motions.

   The Court denied Mr. Abdur-Raheem's third motion for appointment of *pro bono* counsel on September 26, 2014.  ECF No. 60.  Mr. Abdur-Raheem seeks reconsideration of that decision.  Specifically, he contests the Court's conclusions that his defense was likely without merit and that the applicable factors weighed against appointing *pro bono* counsel.

   A court may grant a motion for reconsideration only if (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it.  *See In re Rose*, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug.30, 2007).

   Here, the Court considered the arguments and facts previously raised and did not make any clear errors.  Contrary to Mr. Abdur-Raheem's arguments, the Court recognized that his conviction is on appeal.  However, the Court found that, because a jury had convicted him of his daughter's death, his defense that he did not cause her death *is likely* without merit.  In doing so, the Court did not make any decision as to

whether he is definitively collaterally estopped from arguing that he did not cause her death.  Further, the Court considered the fact that Mr. Abdur-Raheem is incarcerated, but found that the factors against appointing *pro bono* counsel outweighed the factors in support.  Thus, his motion for reconsideration will be denied.

The Court moves next to Mr. Abdur-Raheem's motion to stay.  ECF No. 65.  Mr. Abdur-Raheem, who is incarcerated at New Jersey State Prison, argues that a stay is necessary because prison officials have taken away the documents provided to or produced by him in this case prior to August 30, 2013.  The Court acknowledges the difficulties posed by Mr. Abdur-Raheem's lack of access to certain documents.  However, the Court hesitates to stay this case for an indefinite amount of time.  Accordingly, the Court will deny the motion to stay, but will order Plaintiff to provide copies of all documents filed in this case prior to August 30, 2013 to Mr. Abdur-Raheem by December 22, 2014.

For the foregoing reasons and for good cause shown;

**IT IS** on this 8th day of December 2014, hereby,

**ORDERED** that Mr. Abdur-Raheem's application for *pro bono* counsel is **DENIED.**  Mr. Abdur-Raheem may renew his application for *pro bono* counsel if future proceedings increase his need for legal assistance.  The Court may also *sua sponte* renew Mr. Abdur-Raheem's application in the future at any time it deems appropriate; and it is further

**ORDERED** that Plaintiff shall provide Mr. Abdur-Raheem with copies of all documents filed in this case by December 22, 2014.

                                              /s/ William J. Martini  
                                       **WILLIAM J. MARTINI, U.S.D.J.**