UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VENETTA N. BENJAMIN**<br><br>**Plaintiff,**<br><br>v.<br><br>**CITY OF EAST ORANGE**, *et al.*,<br><br>**Defendants.** | Civ. No. 2:12-cv-00774 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Defendant Shamsiddin Abdur-Raheem's ("Abdur-Raheem") appeal of Magistrate Judge Falk's March 17, 2015 order compelling his deposition. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Abdur-Raheem's appeal is **DENIED**, and Judge Falk's order is **AFFIRMED**.

## I. BACKGROUND

Plaintiff filed this action against Defendants Abdur-Raheem and the City of East Orange following the murder of her infant daughter, Zara. Abdur-Raheem, who was Zara's biological father, was convicted of Zara's murder in 2012. Plaintiff asserts claims against Defendants under 42 U.S.C. § 1983 and various state laws arising from Zara's death and the events leading up to her death. Abdur-Raheem responded with various counterclaims against Plaintiff.

The instant appeal concerns discovery. On March 17, 2015, Judge Falk issued an order to compel Abdur-Raheem's deposition. Abdur-Raheem appealed that order on April 12, 2015.

Abdur-Raheem mistakenly attempts to appeal to the Third Circuit Court of Appeals and cites Fed. R. App. P. 3(d). However, to reach the Third Circuit before a final decision, movants must request certification and permission to file an interlocutory appeal permissible under 28 U.S.C. § 1292. Moreover, the Court

would deny such a motion if filed because this case presents neither an enumerated exception available under Section 1292(a), nor an issue for which the Court has discretion under Section 1292(b). *See Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 57 (3d Cir. 2000) (holding that collateral order doctrine does not extend to discovery orders, save few inapplicable exceptions.)

Because Abdur-Raheem files *pro se*, the Court will construe his motion as an appeal of a Magistrate Judge's order to a district judge under Federal Rule of Civil Procedure 72(a). As an initial matter, to object to a Magistrate Judge's order, appellants must do so within 14 days of being served that order. Fed. R. Civ. P. 72(a). Abdur-Raheem thus failed to timely appeal. Further, as explained below, the Court finds no substantive grounds for reversing the order.

## II.   LEGAL STANDARD

A district court may reverse a magistrate judge's order if it finds the ruling to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). The district court is bound by the clearly erroneous rule as to findings of fact, while the phrase "contrary to law" indicates plenary review as to matters of law. *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is considered contrary to the law if the magistrate judge has "misinterpreted or misapplied applicable law." *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## III.   DISCUSSION

Judge Falk did not err in issuing the March 17, 2015 order. Federal Rule of Civil Procedure 26(b)(1) defines the appropriate scope of discovery as "regarding any nonprivileged matter that is relevant to any party's claim or defense." This rule creates a broad range of relevancy which would "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

Here, Abdur-Raheem's deposition clearly falls within the scope of Rule 26(b)(1). Plaintiff claims that the City of East Orange failed to properly assist her

in obtaining protection from crimes that Abdur-Raheem committed. Abdur-Raheem has personal knowledge regarding the Plaintiff's factual allegations. Further, Abdur-Raheem has personal knowledge regarding the allegations he advances in his counterclaim and various other filings. The Court thus finds no mistake with Judge Falk's order. Instead, the Court expresses a "definite and firm conviction" that *no* mistake has been committed.

## IV.    CONCLUSION

For the above reasons, Abdur-Raheem's appeal is **DENIED**, and Judge Falk's March 17, 2015 order is **AFFIRMED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 11, 2015**